**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **NICHOLE L. WYATT, Individually and as Natural Parent and Legal Guardian of A.W. and D.W., minors** 19458 US-20 Alvordton, Ohio 43501 <br><br> and <br><br> **SCOTT WYATT, Individually and as Natural Parent and Legal Guardian of A.W. and D.W., minors** 19458 US-20 Alvordton, Ohio 43501 <br><br> **Plaintiffs,** <br><br> v. <br><br> **ANNETT HOLDINGS, INC.,** (a/k/a or d/b/a TMC Trucking and/or a/k/a or d/b/a TMC Transportation) c/o CT Corporation System 4400 Easton Commons Way, Ste. 125 Columbus, Ohio 43219 <br><br> and <br><br> **JOHN DOE** Name Unknown Address Unknown <br><br> **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Case No.: 3:22-cv-1737** <br><br> **Judge:** **Magistrate:** <br><br> **PLAINTIFF'S COMPLAINT** <br><br> **Jury Demand Endorsed Hereon** <br><br> Charles E. Boyk (0000494) Michael A. Bruno (0033780) Andrea R. Young (0096334) Charles E. Boyk Law Offices, LLC 1500 Timberwolf Drive Holland, Ohio 43528 Telephone: (419) 241-1395 Facsimile: (419) 241-8731 cboyk@charlesboyk-law.com mbruno@charlesboyk-law.com ayoung@charlesboyk-law.com <br><br> *Attorneys for Plaintiffs* |

Now comes Plaintiffs Nichole L. Wyatt and Scott Wyatt, both individually and as Parents and Natural Guardians of A.W. and D.W., their minor children, by and through the undersigned counsel, and hereby file this Complaint against Defendant Annett Holdings, Inc. (a/k/a or d/b/a TMC Trucking and/or TMC Transportation) (hereinafter collectively "Annett Holdings, Inc.") for injuries and damages arising out of a workplace accident that occurred on or about October 7, 2020, in Pioneer, Williams County, Ohio. In support of their claims, Plaintiffs states as follows:

## THE PARTIES

1. Plaintiffs Nichole L. Wyatt, her husband, Scott Wyatt, and their minor children A.W. and D.W. are individuals and citizens of the State of Ohio, residing in Alvordton, Williams County, Ohio.

2. At all relevant times, Plaintiffs Nichole Wyatt and Scott Wyatt have been legal spouses.

3. Defendant Annett Holdings, Inc. is an Iowa for-profit corporation engaged in the business of owning and operating a flatbed carrier corporation and are licensed to do and are doing business in the State of Ohio and within Williams County with trucks, equipment, and employees located in Williams County and other counties within the State of Ohio.

4. Defendant John Doe is an employee and/or agent truck driver of Defendant Annett Holdings, Inc. and was the employee and/or agent that caused the injury to Plaintiff Nichole Wyatt. John Doe's true name and address are currently unknown to Plaintiffs

2

and could not with reasonable diligence be ascertained prior to the filing of this Complaint.

5. All of the acts and omissions of Defendant Annett Holdings, Inc. alleged herein were done or failed to be done by their employees and/or agents acting within the course and scope of their employment and/or agency.

## JURISDICTION AND VENUE

6. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

7. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because Plaintiffs' citizenship is diverse from the Defendants and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

8. Venue is proper in this Court under 28 U.S.C § 1391(b) because the incident and injury described herein occurred in Pioneer, Williams County, Ohio, which is located in this judicial district.

## FACTUAL ALLEGATIONS

9. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

10. On or about October 7, 2020, Plaintiff Nichole L. Wyatt was working at her place of employment, Pioneer Forge, as a materials handler, in Pioneer, Williams County, Ohio.

11. On this day, Defendant John Doe, an employee and/or agent of Defendant Annett Holdings Inc. arrived and parked at Pioneer Forge, driving one of Defendant Annett Holdings Inc.'s trucks carrying materials to be unloaded.

12. At this time, Plaintiff Nichole Wyatt began the process of assisting with the unloading of Defendant Annett Holdings Inc.'s truck.

13. Plaintiff Nichole Wyatt began placing a rubber stop behind one of the wheels of Defendant Annett Holdings, Inc.'s truck so that the unloading process could begin.

14. At the same time Defendant John Doe threw a metal ratchet strap over the truck owned by Defendant Annett Holdings, Inc., causing it to forcefully strike the head of Plaintiff Nichole Wyatt, who was on the other side of the truck.

15. At all relevant times, Plaintiff Nichole Wyatt was wearing a hard hat.

16. At no time prior to throwing the metal ratchet strap over the truck did Defendant John Doe look on the other side of the truck for people nor did he announce that he was going to throw the metal strap over the truck.

17. The force of the blow to Plaintiff Nichole Wyatt's head caused her to immediately feel dizzy and to experience a spinning sensation. She attempted to continue working; however, quickly experienced vomiting and realized she was unable to continue working due to the injury.

18. Plaintiff Nichole Wyatt was then driven by a fellow employee of Pioneer Forge to the Montpelier Hospital Emergency Room. There is currently an Ohio Workers' Compensation claim, claim number 20-176765, allowed for the following injuries: concussion, strain of muscle, fascia, and tendon at the neck level, panic disorder, episodic paroxysmal anxiety, and adjustment disorder with depressed mood.

19.  At all relevant times a video camera inside Pioneer Forge was recording and captured the above alleged incident.

## FIRST CAUSE OF ACTION
### (*Negligence – Defendant John Doe*)

20. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

21. Defendant John Doe owed Plaintiff Nichole Wyatt a duty of care to perform his job in a safe and reasonable manner that would not cause harm to Plaintiff Nichole Wyatt.

22. Defendant John Doe breached this duty and was negligent by failing to check that the other side of the truck was clear from individuals or by giving a verbal warning that he was going throw the metal ratchet strap across the truck.

23. As a direct and proximate result of Defendant Joe Doe's negligence, Plaintiff Nichole Wyatt sustained serious physical and psychological injuries, including but not limited to a concussion, strain of muscle, fascia, and tendon at the neck level, panic disorder, episodic paroxysmal anxiety, and adjustment disorder with depressed mood.

24.  Plaintiff Nichole Wyatt was required to undergo medical care, incurred medical care costs, lost wages along with other economic losses, and incurred great pain and suffering.

25. Further, Plaintiff Nichole Wyatt believes these injuries are permanent in nature, that she will require future medical care and future medical care costs, and that she will continue to endure great pain and suffering.

## SECOND CAUSE OF ACTION
### (*Loss of Spousal Consortium – Plaintiff Scott Wyatt*)

26. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

27. Plaintiff Scott Wyatt is Plaintiff Nichole Wyatt's legal spouse and has been her legal spouse at all times relevant to this Complaint.

28. Plaintiff Scott Wyatt states that he has been deprived of the love, affection, services, consortium, and society of his spouse, Plaintiff Nichole Wyatt, as a direct and proximate result of Defendant Joe Doe's negligence.

29. Plaintiff Scott Wyatt further states that the enjoyment and quality of his life and his ability to carry on the normal activities of his daily life with his spouse have been impaired as a direct and proximate result of Defendant Joe Doe's negligence.

## THIRD CAUSE OF ACTION
### (*Loss of Parental Consortium – A.W. and D.W.*)

30. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein. Plaintiff A.W. and D.W. are the minor children of Plaintiffs Nichole and Scott Wyatt. Plaintiffs A.W. and D.W. state that as the result of Defendant John Doe's negligence, they have been deprived of the love, affection, services, consortium, and society of their mother, Plaintiff Nichole Wyatt. A.W. and D.W. state that as a result of the Defendant John Doe's negligence, their enjoyment, quality of life, and their ability to carry on the normal activities of their daily life with their mother have been impaired.

## FOURTH CAUSE OF ACTION
### (*Respondeat Superior/Vicarious Liability – Defendant Annett Holdings, Inc.*)

31. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though fully rewritten herein.

32. At all relevant times during the incident described and alleged herein, Defendant John Doe was acting within the scope and course of his employment, and at the direction of Defendant Annett Holdings, Inc.

33. Under the doctrine of *respondeat superior*/vicarious liability and/or agency by estoppel, Defendant Annett Holdings, Inc. is liable for the negligent acts of its agents and employees, including but not limited to the negligent actions of Defendant John Doe that caused serious injury to Plaintiff Nichole Wyatt, loss of spousal consortium to Plaintiff Scott Wyatt, and loss of parental consortium to Plaintiffs A.W. and D.W..


WHEREFORE, Plaintiffs respectfully requests judgment in their favor and against Defendants, in an amount that is fair and just and in excess of Seventy-Five Thousand Dollars ($75,000.00), in addition to costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

/s/ Charles E. Boyk
Charles E. Boyk
*Attorney for Plaintiffs*

## **JURY DEMAND**

Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,

/s/ Charles E. Boyk
Charles E. Boyk
*Attorney for Plaintiffs*